UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER WORLEY,

        Petitioner,

                              CASE NO. 2:06-CV-13467
v.                               HONORABLE AVERN COHN

CARMEN PALMER,

        Respondent.
                                          /

## ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

I.

This is a habeas case under 28 U.S.C. § 2254. Petitioner Christopher Worley, a state prisoner currently confined at the Riverside Correctional Facility in Ionia, Michigan, alleges that he is being held in violation of his constitutional rights. For the reasons that follow, the petition will be dismissed.

II.

In 2005, Petitioner pleaded guilty to one count of second-degree criminal sexual conduct and one count of third-degree criminal sexual conduct in the Bay County Circuit Court and was sentenced to concurrent terms of 3-15 years imprisonment and 7-15 years imprisonment. Petitioner then filed a delayed application for leave to appeal with the Michigan Court of Appeals asserting that: (1) his sentence was disproportionate and an abuse of discretion and (2) that the Sixth Amendment precluded findings of fact at sentencing, unsupported by his plea, which increased the severity of his sentence. The Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented. *People v. Worley*, No. 266624 (Mich. Ct. App. Dec. 29, 2005). Petitioner

1

filed an application for leave to appeal with the Michigan Supreme Court raising the same issues, which was denied because the court was not persuaded that the questions presented should be reviewed. *People v. Worley*, No. 130560 (Mich. June 26, 2006).

Petitioner submitted the instant petition to prison officials for mailing on July 28, 2006, and it was filed by the Court on August 1, 2006. Petitioner raises the same sentencing claims presented to the Michigan courts on direct appeal of his convictions.

III.

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law, or it may be summarily dismissed. *See Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

A. <u>Sentencing Proportionality Claim</u>

Petitioner first claims that he is entitled to habeas relief because his sentence is disproportionate and constitutes an abuse of discretion. Petitioner's assertion that his sentence is disproportionate under state law fails to state a claim for federal habeas relief. *See Austin v. Jackson*, 231 F.3d 298, 300 (6th Cir. 2000). It is well-established that habeas relief does not lie for perceived errors of state law. *See Estelle v. McGuire*,

2

502 U.S. 62, 67-68 (1991). As such, Petitioner has failed to state a claim upon which habeas relief may be granted as to this claim.

Additionally, Petitioner is not entitled to relief on any claim that his sentence constitutes cruel and unusual punishment under the Eighth Amendment. The United States Constitution does not require strict proportionality between a crime and its punishment. See *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991); *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). Petitioner was sentenced to concurrent terms of 3-15 years imprisonment and 7-15 years imprisonment on his second-degree and third-degree criminal sexual conduct convictions. His papers indicate that his sentence was within the guideline range. His sentence is also within the statutory maximum of 15 years imprisonment for those offenses. See Mich. Comp. L §§ 750.520c(1)(b), 750.520d(1)(b). Thus there is no extreme disparity between his crime and sentence so as to offend the Eighth Amendment. As such, Petitioner has not stated a claim for habeas relief.

### B.  Sixth Amendment/Blakely Claim

Petitioner also claims that he is entitled to habeas relief because the trial court mis-scored the sentencing guidelines (OV 10, 11, and 13) and violated his Sixth Amendment rights by relying upon facts not determined by a jury or admitted by Petitioner in rendering his guilty plea.

Petitioner relies upon *Blakely v. Washington*, 543 U.S. 296, 303-05 (2004). *Blakely* involved a trial court's departure from a state's determinate sentencing scheme. Michigan, by contrast, has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum sentence. In *People v. Drohan*, _ Mich. _, 715 N.W.2d 778, 789-90 (June 13, 2006), the Michigan Supreme Court recently held that Michigan's indeterminate sentencing scheme does not offend the

3

Sixth Amendment because a defendant is always subject to the statutory maximum sentence for purposes of *Blakely* and the Sixth Amendment does not entitle a defendant to a sentence below the statutory maximum. Because *Blakely* does not apply to indeterminate sentencing schemes like the one utilized in Michigan, the trial court's scoring of the sentencing guidelines did not violate Petitioner's Sixth Amendment rights. Petitioner has thus failed to state a claim upon which habeas relief may be granted as to this claim.

III.

For the reasons stated above, Petitioner has not stated any claims upon which habeas relief may be granted. Accordingly, the petition is DISMISSED.

SO ORDERED.

  s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: August 11, 2006

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, August 11, 2006, by electronic and/or ordinary mail.

  s/Julie Owens
Case Manager, (313) 234-5160