UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER WORLEY,

    Petitioner,

                                   CASE NO. 2:06-CV-13467
v.                                        HONORABLE AVERN COHN

CARMEN PALMER,

    Respondent.
_____/

## ORDER DENYING A CERTIFICATE OF APPEALABILITY

I.

This is a habeas case under 28 U.S.C. § 2254. Petitioner Christopher Worley, claimed that he is incarcerated in violation of his constitutional rights and specifically claimed (1) that his sentence was disproportionate and (2) that his sentence violated the Sixth Amendment, citing Blakely v. Washington, 543 U.S. 296 (2004). The Court dismissed the petition for failure to state a claim because Petitioner's claim that his sentence was disproportionate was not a federal claim and Blakely does not apply to Michigan's indeterminate sentencing scheme. See Order Dismissing Petition for Writ of Habeas Corpus, filed August 11, 2006. Petitioner seeks to appeal.

II.

Before Petitioner can appeal the Court's decision, a certificate of appealability (COA) must issue. See 28 U.S.C. § 2253(c)(1) and Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 120

S. Ct. 1595 (2000), the United States Supreme Court held that where a petition is rejected on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 120 S. Ct. at 1604. The Supreme Court also explained that where the petition is dismissed on procedural grounds, petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different matter or that the issues presented were 'adequate to deserve encouragement to proceed further.'" 120 S. Ct. at 1603-04 (quoting Barefoot v. Estelle, 463 U.S. 880, 898 n.4 (1983)). The Supreme Court has explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). "A prisoner seeking a COA must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'" A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id. at 1040.

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a COA. See Murphy v. State of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam). Moreover, where as here, a Petitioner files a notice of appeal, the Court must issue a order granting or denying a COA. Castro v. United States, 310 F.3d 900 (6th Cir. 2002) (per curiam).

2

III.

Here, the petition was dismissed for the reasons stated above. Reasonable jurists would not debate this conclusion. Accordingly, a COA is DENIED.

SO ORDERED.

   s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: September 7, 2006

I hereby certify that a copy of the foregoing document was mailed to Christopher Worley, #524660, Riverside Correctional Facility, 777 W. Riverside Drive, Ionia, MI 48846 on this date, September 7, 2006, by electronic and/or ordinary mail.

   s/Julie Owens
Case Manager, (313) 234-5160